_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **JOHN S. LAMBE for and on behalf of the heirs of LISA LAMBE, deceased,**<br><br>                  **Plaintiff,**<br><br>**vs.**<br><br>**SUNDANCE MOUNTAIN RESORT, a Utah corporation; TERRA-NOVA, a Utah limited liability company; ZIP INSTALL, a Utah limited liability company; LEI CONSULTING ENGINEERS AND SURVEYORS, a Utah corporation; A-PLUS AFFORDABLE TREE SERVICE, a Utah limited liability company; AFFORDABLE TREE CARE, a Utah corporation, dba AFFORDABLE TREE SERVICE AND STUMP REMOVAL; ZIP TOUR, a Utah limited liability company; ZIP RIDER, a Utah limited liability company; MITCHELL EXCAVATION, a Utah corporation; VERSA INTERGRITY GROUP, a corporation; SUNDANCE PARTNERS, a limited partnership; and DOES I-X,**<br><br>                  **Defendants.** | **MEMORANDUM RULING & ORDER**<br><br>**Case No. 2:17-cv-00011-JNP**<br><br>**District Court Judge Jill N. Parrish**<br><br>**Magistrate Judge Dustin Pead** |

## INTRODUCTION

This case is referred to the undersigned by the District Court pursuant to 28 U.S.C.

§636(b)(1)(A). (ECF No. 70.) Before the court is Plaintiff John Lambe's Motion for Leave to

Amend Complaint. (ECF No. 112.) The court has carefully considered the memorandum

submitted by the parties and the relevant legal authorities. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine this motion on the basis of the written memoranda and finds oral argument is not necessary. *See* DUCivR 7-1(f). For the reasons set for below, the Court GRANTS Plaintiff's Motion to Amend.

## **BACKGROUND**

Plaintiff John Lambe filed his initial complaint, as the personal representative of his deceased spouse Lisa Lambe, on January 5, 2017. (ECF No. 2). After several amendments, on November 1, 2017, Plaintiff filed the current, operative Fourth Amended Complaint. (ECF No. 66); *See also* Amended Complaint (ECF No.4), Second Amended Complaint (ECF No. 22), Third Amended Complaint. (ECF No. 24.) Mr. Lambe alleges that his wife died as a result of injuries sustained from a tree top that struck her while she was riding the Sundance Zip Tour zipline at Sundance Mountain Resort. Plaintiff raises claims against Sundance Mountain Resort, Sundance Partners, Terra Nova and others for gross negligence in operating the zip-line and the wrongful death of his wife.[1]

An Amended Scheduling Order was entered on January 5, 2018. (ECF No. 97.) Under that Order, the date to amend pleadings was moved to April 30, 2018. On August 16, 2018, after the date for amendment had passed, Plaintiff filed a motion to amend to add a punitive damages claim against Defendants Sundance Mountain Resort and Sundance Partners. (ECF No. 112.) Defendants oppose the motion asserting that amendment is futile. (ECF No. 114.)

---

[1] Other named Defendants are: LEI Consulting Engineers And Surveyors, A-Plus Affordable Tree Service, LLC, Affordable Tree Care, Affordable Tree Service And Stump Removal, Zip Tour, Zip Rider, Mitchell Excavation, Versa Integrity Group, and Sundance Partners. (ECF No. 66.)

## <u>ANALYSIS</u>

Mr. Lambe seeks to add a claim for punitive damages after the date for amendment of the pleadings has expired. To amend at this stage of the proceedings, Plaintiff must show: (1) good cause for not meeting the scheduling deadline; and (2) satisfaction of the amendment standard set forth under Federal Rule of Civil Procedure 15. *See* Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 15(a).

**I.      Plaintiff Has Shown Good Cause For Not Meeting The Scheduling Deadline.**

The last day to amend the pleading was April 30, 2018. Plaintiff claims, however, that new facts were uncovered after the April 30th date at Terra Nova's June 18, 2018 deposition and Czar Johnson's July 11, 2018 deposition. *See* Fourth Amended Notice of Depositions (ECF No. 112-4.) According to Plaintiff, the testimony shows that on the day of the accident Defendants were aware of zip-line risks but acted in conscious disregard of that danger.

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard of Rule 16(b) "does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order." *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. *See id.* Rule 16's good cause requirement may be met where "a plaintiff learns new information through discovery or if the underlying law has changed." *Birch v. Polaris Indus., Inc.,* 812 F.3d 1238, 1247 (10th Cir. 2015) (*citing Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Defendants do not address the request for modification and do not challenge Plaintiff's diligence in meeting scheduling order deadlines. Accordingly, given that new information was obtained at depositions taken after the date for amendment expired, there is good cause for modification of the scheduling order to allow Plaintiff to seek leave to amend.

**II.     Amendment Is Appropriate Under Rule 15.**

Having established good cause to modify, Mr. Lambe must also demonstrate that amendment is appropriate. A party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Consistent with the purpose of providing litigants "the maximum opportunity for each claim to be decided on its merits[,]" courts "should freely give leave [to amend] when justice so requires." *See Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (*citing Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S. Ct. 795 (1971); Fed. R. Civ. P. 15(a)(2). In general, a court may refuse amendment on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment." *Duncan v. Manager, Dep't. of Safety, City & County of Denver,* 397 F. 3d 1300, 1315 (10th Cir. 2005) (quotations and citation omitted).

Defendants do not allege undue delay, undue prejudice, bad faith, or a dilatory motive. Instead, they contend amendment is futile because Plaintiff's "claim does not contain enough facts to raise a right to relief for punitive damages." (ECF No. 114 at 9.)

Initially, it is important to distinguish between pleading, proving, and awarding punitive damages. Generally, an award requires a party to adduce specific facts that prove or justify a punitive damage award. A pleading, on the other hand, applies a lower standard. In its review of the complaint, a court assumes the allegations as true and draws reasonable inferences in a light favorable to Plaintiff. Here, by asking the court to conclude that Plaintiff "cannot show" knowing and reckless actions, Defendants conflate pleading with standards of review more applicable to dispositive motions or damage awards. At this juncture, Mr. Lambe simply seeks to plead his claim and is therefore not required to definitively prove or establish punitive damages before amendment may be allowed. That is not to say, however, that a party may plead a claim without support or plausibility. Yet, such is not the case here as evidenced by the numerous depositions and evidence of record referenced in both parties' briefing.

As to the issue of futility, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v Merrill Lynch Pierce Fenner & Smith, Inc.,* 521 F.3d 1278, 1288 (10th Cir. 2008). Defendants argue futility based on the absence of any "clear and convincing evidence" that the Defendants' manifested a "knowing and reckless indifference toward, and disregard of, the rights of others." Utah Code Ann. §78B-8-201; *see Daniels v. Gamma West Barchytherapy, LLC,* 221 P.3d 256, 269 (2009) (Utah) ("The Utah legislature added the word 'knowingly' to the punitive damages statute to require 'the plaintiff [to] prove actual knowledge by the defendant of the danger created by the defendant's conduct.'").

Consistent with the discussion above, the court declines to engage in a futility analysis at this juncture. Whether Defendants knew or were aware of a substantial risk to zip riders on the day

in question is subject to competing statements and interpretations and for the court to give weight to certain testimony over others, in the context of a motion to amend, clearly places the proverbial "'cart before the horse.'" *Christison v. Biogen Idec Inc.,* 2016 U.S. Dist. LEXIS 82416 *12 (D. Utah 2016) (declining futility analysis at amendment stage) (*quoting General Steel Domestic Sales, LLC v. Steelwise,* 2008 U.S. Dist. LEXIS 111978 *11) (D. Colo. June 20, 2008). The court expresses no opinion on punitive damages. Rather, the court concludes that the viability of such claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment under Rule 15. *See Fuller v. REGS, LLC,* 2011 U.S. Dist. LEXIS 38431 *8 (D. Colo. 2011) (futility should be addressed in motion to dismiss or summary judgment).

## ORDER

For the reasons set forth above, the court GRANTS Plaintiff's Motion To Amend to add a punitive damages claim against Defendants Sundance Mountain Resort and Sundance Partners. (ECF No. 112.) Plaintiff is ORDERED to file a copy of the Fifth Amended complaint on the docket within three (3) days from the date of this Order.

Dated this 21st day of September, 2018.

By: _____.
    Dustin B. Pead
    U.S. Magistrate Judge